IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEJANDRO TAMAYO, 34943-177, § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | NO. 3:13-CV-5035-M |
| § | | NO. 3:05-CR-0313-M |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural background**

Petitioner filed this motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Because the motion challenges Petitioner's conviction, the Court finds it should be construed as a petition to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

On April 4, 2006, Petitioner was charged in a superseding indictment. The charges against him included: Count 1, conspiracy to possess with the intent to distribute in excess of 500 grams of methamphetamine and in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); Count 2, possession with the intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); Count 3, possession of a

firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); Counts 8 and 9, assault on a federal officer, each in violation of 18 U.S.C. § 111; and Count 10, possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Count 11 contained a forfeiture allegation, specifically identifying Petitioner's property sought to be forfeited.

On August 1, 2006, Petitioner pled guilty to Count 1, conspiracy to possess with the intent to distribute in excess of 500 grams of methamphetamine and in excess of five kilograms of cocaine. On November 27, 2006, the Court sentenced him to life imprisonment and a five-year term of supervised release. He was also ordered to pay restitution in the amount of $37,662.44. The Court also forfeited one parcel of real property, two vehicles, currency, nine firearms, and assorted ammunition. The Fifth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on December 26, 2007. *United States v. Tamayo*, 260 F. Appx. 700 (5th Cir. 2007) (unpublished). The Fifth Circuit denied Petitioner's motion for rehearing on January 29, 2008.

On January 15, 2009, Petitioner filed his first § 2255 petition. *Tamayo v. United States*, 3:09-CV-94-M (N.D. Tex.) On June 7, 2011, the district court denied the petition on the merits. On February 11, 2013, the Fifth Circuit affirmed.

On July 30, 2013, Petitioner filed his second § 2255 petition. *Tamayo v. United States*, 3:13-CV-3473-M (N.D. Tex.). On October 8, 2013, the district court transferred the petition to the Fifth Circuit as a successive petition.

On December 14, 2013, Petitioner filed the instant § 2255 petition. He argues the Court lacked subject matter jurisdiction over his criminal case.

**II. Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another motion for post-conviction relief is filed.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's Rule 60(b) motion be construed as a petition to correct, vacate or set aside sentence pursuant to 28 U.S.C. § 2255 and that the petition be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 14th day of January, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).